**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


<u>John Shaw</u>

     v.                           Civil No. 19-cv-1122-SE-AJ

<u>Corey Riendeau, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>

## **REPORT AND RECOMMENDATION**

Before the Court is Petitioner John Shaw's "Motion to Grant Bail Pending Hearing on Petition for Habeas Corpus" (Doc. No. 31). For the reasons set forth below, the District Judge should deny Mr. Shaw's motion without prejudice.


## **Background**

Mr. Shaw filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence in <u>State v. Shaw</u>, No. 219-2013-CR-00492 (N.H. Super. Ct., Strafford Cty.) (Doc. No. 1). This matter was stayed pending exhaustion of Mr. Shaw's state court remedies for the claims he seeks to raise here.[1] As this matter has been stayed, the Court has not

---

[1] Simultaneously with this Report and Recommendation, the Court has issued an Order directing that the stay in this case be lifted, as Mr. Shaw has filed documents which he contends demonstrate that he has exhausted the claims asserted in his petition here.

yet completed its review of the petition documents under Rule 4 of the Rules Governing § 2254 Petitions ("§ 2254 Rules"), which include the documents Shaw has filed to demonstrate exhaustion of his claims.

Mr. Shaw seeks release on bail.  As a basis for his motion, Mr. Shaw reasserts the claims in his petition, and argues that he is actually innocent of his offense of conviction. Additionally, Mr. Shaw states that he has served eight years of his ten-year minimum sentence.  He asserts that he has been told by an attorney that if he were to make a motion to the Superior Court, under N.H. Rev. Stat. Ann. § 651;20, I(a), to suspend the remainder of his sentence, as he has already served two thirds of his sentence, the motion would be denied because he is challenging his conviction.  Similarly, he states that he will be eligible for parole no later than November 2026, and anticipates that parole will be denied because he is challenging his conviction.

## Discussion

"[A] district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits."  Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  To qualify for release on bail, the petitioner must demonstrate "either (1) a clear case

on the law and facts, or (2) a substantial claim of
constitutional error and exceptional circumstances warranting
immediate release." Mateo v. Warden, No. 20-cv-1012-PB, 2021
DNH 089, 2021 U.S. Dist. LEXIS 98383, at *4, 2021 WL 2109748, at
*2, (D.N.H. May 24, 2021) (citing Glynn v. Donnelly, 470 F.2d
95, 98 (1st Cir. 1972)).

However, a "prisoner's ability to raise a substantial
question of constitutional error, standing alone, is
insufficient." Bader v. Coplan, No. Civ. 02-508-HD, 2003 U.S.
Dist. LEXIS 875, at *14, 2003 WL 163171, at *4 (D.N.H. Jan. 23,
2003) (citing Glynn, 470 F.2d at 98). "[W]here a bail applicant
is a convicted prisoner it is necessary 'to inquire whether, in
addition to there being substantial questions presented by the
appeal, there is some circumstance making this application
exceptional and deserving of special treatment in the interests
of justice.'" Bader, 2003 U.S. Dist. LEXIS 875, at *12-*13, 2003
WL 163171, at *4 (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)).

At this time, prior to the Court's preliminary review of
the petition under Rule 4 of the Rules Governing § 2254
Proceedings, the Court cannot yet determine whether Mr. Shaw has
asserted "a clear case on the law and facts" or "a substantial
claim of constitutional error." Mateo, 2021 U.S. Dist. LEXIS
98383, at *4, 2021 WL 2109748, at *2. Moreover, as the
respondent has not yet been directed to answer the petition, the

Court is not in possession of the documents and transcripts in the state court record necessary to making that determination.

Finally, Mr. Shaw has not demonstrated the existence of exceptional circumstances.  He claims here that he has been told that he won't be released on a motion to suspend the last third of his sentence, or on parole, because he is challenging his conviction.  Mr. Shaw, however, does not state that he moved the Superior Court for a suspension of his sentence and was denied on that basis.  And he is not yet eligible for parole.  Accordingly, Mr. Shaw's supposition that he may be denied early release or parole in the future is entirely speculative and does not present exceptional circumstances.

Mr. Shaw has failed to demonstrate a clear case on the law and facts, a substantial constitutional error, or the existence of the type of exceptional circumstances affecting him that could trigger a bail hearing in this court before a final ruling on the merits of his petition.  Cf. Gomes v. U.S. Dep't of Homeland Sec., 460 F. Supp. 3d 132, 144 (D.N.H. 2020) (COVID-19 pandemic presents exceptional health risk to detainees seeking bail while their habeas petitions remain pending for purposes of Glynn).  Accordingly, the district judge should deny Mr. Shaw's motion for release on bail pending resolution of his § 2254 petition, without prejudice to his ability to seek that relief in the future, if circumstances warrant.

4

**Conclusion**

For the foregoing reasons, the District Judge should deny Mr. Shaw's motion (Doc. No. 31) seeking release on bail without prejudice. Any objections to this Report and Recommendation ("R&R") must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objections to this R&R are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objections are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2025

cc:  John Shaw, pro se

5